(No. 20020.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PERRY THOMPSON, Plaintiff in Error.

*Opinion filed October 25, 1930.*

EDWARD H. MORRIS, and JAMES B. CASHIN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and ROY D. JOHNSON, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

The grand jury of Cook county returned an indictment against Thomas Mines, Richard Tolbert and plaintiff in error, charging them with obtaining ten dollars from Lillian Turner on September 6, 1928, by means and by use of the confidence game. Mines and Tolbert pleaded guilty. Plaintiff in error was tried alone, and the jury returned a verdict finding him guilty as charged. Motions for a new trial and in arrest of judgment were overruled by the court and judgment entered upon the verdict sentencing plaintiff in error to the penitentiary for from one to ten years.

The indictment contained one count. Mrs. Turner testified on the trial that she was in the beauty-shop business and owned a building at 5356 South State street, and that on September 6, 1928, she had a vacant flat. She further testified as follows: Mines came to her to rent the flat and she took him to see it. He said he would rent it, and she told him he would have to make a deposit. He showed her a card and said the picture on the same was for his identification for a check drawn on the Pullman Company, dated September 1, 1928, payable to the order of Will Green for $29.89. He told her his name was Will Green. She took the check to Robert Bailey, a groceryman next door, who cashed it and gave her the money. Mines gave her $19 as a deposit on the flat, and she made a receipt to Will Green for the $19 and gave Mines $10 in money. He told her to hold the flat until the next Wednesday. She has since that time paid the groceryman who cashed the

check a part but not all the money he paid to her on the check. Mines never came back.

Bailey, the groceryman, testified that he paid Mrs. Turner the money on the check. He further testified as follows: The check was returned to him, and he took it to Mrs. Turner and told her it was a fraud; that the check was bad and there were no funds to pay it. Mrs. Turner paid him back $15.79.

Henry Jostock testified he was paymaster for the Pullman Company and had been with the company for about six years; that his duty was to sign all pay checks; that his signature on the check negotiated to Mrs. Turner was a forgery; that he never issued the check to plaintiff in error and had never seen him except in the court room. There is no doubt from the evidence that the check was a fraud and was forged.

Plaintiff in error's principal points raised here are, that the court admitted incompetent and prejudicial evidence against him and that the verdict is not justified by the evidence.

The testimony principally urged as objectionable is that of officer Eugene A. Barry concerning a conversation had by him with Mines, who had pleaded guilty and testified in this case. He stated that after he had arrested Mines the latter told him that the checks passed by him were printed at 65 East Thirty-fifth street. This, according to the uncontroverted evidence, was the place of business of plaintiff in error. He testified, over objection of counsel for plaintiff in error, to further conversation with Mines in which the latter told him that a certain check protector and a typewriter which were used in the printing shop at 65 East Thirty-fifth street had been taken to his rooms at 3449 Indiana avenue, where they were found by the officer. He also testified that Mines told him of a Pullman check which he cashed at Fifty-first and Prairie avenue which Mines later made good, and that he got the check in the printing office at 65 East Thirty-

fifth street. All of this testimony was over the objection of counsel for plaintiff in error. The witness testified that plaintiff in error was not present at the time this conversation was had. It was plainly hearsay, concerned a statement made out of the presence of the plaintiff in error and was incompetent and prejudicial. On cross-examination Barry was asked if he was present in court on a previous occasion and heard Mines state, in the presence of plaintiff in error and others, that he knew nothing about plaintiff in error and that the latter had nothing to do with making the checks, and he answered in the affirmative. On re-direct examination this witness was asked by counsel for the State if he did not also hear the presiding judge state that Mines was not telling the truth about such matter, and was, over objection, permitted to answer that the judge did so state. This was prejudicial error. It resulted in getting before the jury the statement that a judge of the court was of the opinion that Mines was not telling the truth when he stated that plaintiff in error was not connected with the issuance of these bogus checks.

The witness John Fitzgerald, an inspector for the Pullman Company, was permitted to testify to a conversation which he had with Mines, out of the presence of plaintiff in error, in which he stated that the latter's name was mentioned in connection with the charge, and that Mines told them where plaintiff in error's place of business was and gave them information which caused the latter's arrest. He was also permitted to testify, over objection, that in Detroit, Richard Tolbert, also indicted for the issuing of these checks, mentioned plaintiff in error's name in connection with this offense. This, also, was prejudicial error.

Mines testified in detail as to transactions with plaintiff in error in the preparation and issuance of the fraudulent checks. One Julius Dobbs testified that he drove with plaintiff in error, Mines and one Eugene Foster into Evanston, where Mines got out of the machine and later returned and

showed plaintiff in error a piece of white paper. He does not testify as to having seen any checks. Leroy Fieldon testified that plaintiff in error asked him if he wanted to work for him in cashing checks, and showed him some checks and a Pullman check and told him he would pay him fifty cents on the dollar. Fieldon testified that he was in the county jail on a charge of receiving stolen property. George Reed, who also testified that he was an inmate of the county jail under a conviction for robbery, testified to conversations in the jail with Mines, Tolbert and plaintiff in error, in which plaintiff in error asked Mines to plead guilty and take the blame and offered to pay his railroad fare out of the city and take care of his family.

Plaintiff in error took the witness stand and denied having anything to do with the issuance of bogus checks. Numerous character witnesses testified in his behalf, and a statement signed by Tolbert and Mines exonerating plaintiff in error from the charge of the issuance of these checks or any knowledge that they were passing bogus checks was introduced in evidence. This statement was signed in the presence of James Mosley and Louis Miller, the latter of whom testified on the stand that he and Mosley were present and signed the statement as witnesses.

As this case must be re-tried we refrain from discussing the evidence further than the above statement. Whether plaintiff in error is guilty or innocent he is entitled to a trial free from prejudicial error. We are unable to say that the jury in this case were not influenced by this incompetent testimony or that the condition of the record is such that the error is not sufficient to work a reversal of the cause.

The judgment is therefore reversed and the cause remanded for a new trial. *Reversed and remanded.*